917 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard B. CARTER, a/k/a Bernard R. Carter, Defendant-Appellant.
 No. 89-5004.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 10, 1989.
Decided Oct. 25, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-88-193-4)
 John H. Hare, Assistant Federal Public Defender, Columbia, S.C., for appellant.
 E. Bart Daniel, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Columbia S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal after a plea of guilty to a conviction under 18 U.S.C. Sec. 922(g)(1), possession of a firearm by a convicted felon. The plea of guilty was conditional and subject to a motion to suppress the firearm.
 
 
 2
 Steve Laney, a South Carolina probation officer, had just stopped his car one night at a filling station to go in and get some things when the defendant, Richard Carter, pulled his car into the filling station, facing Laney's car. The vehicles were perhaps five feet apart. Although Laney apparently could not understand what Carter was saying, when the two men looked at each other, Laney could see Carter's lips moving as if he were trying to say something to Laney. In the words of Carter's attorney, it was something "confrontational." Laney got out of his car and walked around to Carter's car. He asked Carter if Carter had a problem. At that point, he saw that Carter had a can of beer or ale between his legs in the car, told Carter that Carter apparently did have a problem, displayed his probation officer's badge, and asked Carter to step out of the car. When Carter stepped out of the car, Laney saw the pistol involved in this case in plain view on the seat. He asked Carter to move to the back of the car, where he perhaps frisked Carter. Carter then ran and was later arrested, although not by Laney. Laney took possession of the pistol.
 
 
 3
 Carter contends that his Fourth Amendment rights were violated by Laney's seizure of the firearm and its introduction into evidence. The district court treated Laney's actions as those of a private person and held that the Fourth Amendment had no application. Nothing brought to our attention shows that South Carolina law is to the contrary, and so the action taken by the district court was obviously correct.
 
 
 4
 Even if Laney could be considered to have been acting as a state officer with authority to arrest, however, he obviously had the right to ask Carter to get out of the car when he saw him driving an automobile with a can of beer or ale between his legs. When Carter got out of the car and Laney saw he had the pistol, and in plain view, Laney had the right to arrest Carter as well as to detain him. As well, he had the right to seize the weapon.
 
 The judgment of conviction is accordingly
 
 5
 AFFIRMED.